1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

LYNN J. HUBBARD and BARBARA J.
HUBBARD,

                                        Plaintiff,

        vs.

KAYO OIL COMPANY;
CONOCOPHILLIPS COMPANY dba
CIRCLE K,

                                        Defendant.

CASE NO. 05cv2076 BEN (BLM)

**ORDER DENYING
DEFENDANTS' MOTION FOR
AWARD OF ATTORNEY'S FEES,
EXPERT FEES, COSTS, AND
OTHER SANCTIONS
[Dkt. Nos. 78 & 79]**

        Defendants Kayo Oil Company and ConocoPhillips Company (doing business as Circle K), move for an award of attorney's fees, expert fees, costs, and other sanctions. Plaintiffs oppose the motion. Specifically, Defendants seek fees under the Americans With Disabilities Act, the California Disabled Persons Act (Cal. Civil Code § 55), and 28 U.S.C. § 1927. The motion is denied.

        Previously, Defendants were granted summary judgment in their favor based upon evidence that Plaintiffs' claims under the Americans With Disabilities Act had become moot. Summary judgment based upon Article III considerations such as mootness is not a judgment on the merits upon which  Defendants may seek an award of attorney's fees under the ADA. *Feezor v. Lopez De Jesus*, 439 F.Supp.2d 1109, 1111 (S.D. Cal. 2006) (summary judgment based on lack of standing is not on the merits); *Grove v. De la Cruz*, 407 F.Supp.2d 1126 (C.D. Cal. 2005) (installation of grab bars in restaurant restroom mooted ADA claims and court lost jurisdiction). Therefore, the Court finds no basis for awarding Defendants attorney's fees and costs for the federal ADA claims.

        When federal claims are dismissed before trial, as they were here, a district court should decline to exercise supplemental jurisdiction over any state claims. *Scott v. Pasadena Unified*

1     *School District*, 306 F.3d 646, 664 (9th Cir. 2002) (where federal claims dismissed for lack of

2     Article III standing, district court has no discretion and must dismiss all state claims); *see also*

3     *Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir 1996) (after summary judgment on

4     federal claims, case remanded to district court to dismiss state claims without prejudice). That is

5     the course this Court took in granting Defendants' motion for summary judgment in its Order

6     dated December 22, 2006. In other words, there was no ruling on the merits of Plaintiffs' state law

7     claims and the Court has not retained jurisdiction to rule on either the state law claims or attorney

8     fee motions flowing therefrom.

9         Finally, 28 U.S.C. § 1927 provides for the recovery of excess costs from an attorney who

10    unreasonably and vexatiously multiplies the proceedings in any single case. *Molski v. Mandarin*

11    *Touch Restaurant*, Case No. 04cv450 ER, slip op. 2005 U.S. Dist. Lexis 40260 (C.D. Cal. Dec. 9,

12    2005) (fact that plaintiff attorney treated ADA case like a "mill operation" does not justify award

13    under § 1927). Defendants argue that Plaintiffs' counsel multiplied litigation by filing a baseless

14    lawsuit and pursuing it until the time Defendants filed their motion for summary judgment. At that

15    time, Plaintiffs withdrew their own papers and did not oppose the motion. Defendants argue that

16    this action, or inaction, implies that all of the litigation leading up to that point was a vexatious

17    attempt to extort a settlement. On the other hand, it is also possible that Plaintiffs' non-opposition

18    was an effort to reduce unwarranted litigation. The Court made no finding that Plaintiffs'

19    litigation activity was either meritorious or vexatious, and cannot do so now. On this record, the

20    Court declines to grant Defendants an award of "excessive costs" under § 1927.

21         Therefore, Defendants' motion for an award of attorney's fees, expert fees, costs, and

22    other sanctions is hereby, denied.

23         IT IS SO ORDERED.

24    DATED: June 20, 2007

25

26                           _____

27                           Hon. Roger T. Benitez

28                           United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28